

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
11/06/2014

| | | |
|---|---|---|
| IN RE: § | | |
| JUAN HERNANDEZ § | CASE NO: 12-37496 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| JUAN HERNANDEZ § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 14-03213 | |
| § | | |
| CALIBER HOME LOANS, INC. § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

Caliber Home Loans, Inc. alleges that communications sent to Juan Hernandez were not an attempt to collect on a personal obligation. Caliber's motion to dismiss is denied. The Court finds that Caliber willfully violated the discharge injunction. The Court will conduct a hearing on December 8, 2014 at 1:30 pm to determine whether a monetary award is appropriate.

### Background

Hernandez filed a chapter 7 bankruptcy petition on October 2, 2012. In his bankruptcy schedules, Hernandez listed a secured claim by Household Finance Corp. in the amount of $137,000.00. (Case No. 12-37496, ECF No. 26). Caliber currently services this account. On February 13, 2013, Hernandez received his bankruptcy discharge. (Case No. 12-37496, ECF No. 60). Plaintiff alleges that after he received the discharge, Caliber continued to send him monthly statements asking for payment on the loan. (ECF No. 1). In response, Hernandez sent a letter to Caliber on December 18, 2013 informing the company that he had received a discharge in bankruptcy and urging Caliber to "stop all collection efforts on this account." (ECF No. 6-1).

Hernandez also retained an attorney who sent a cease and desist letter to Caliber along with a demand for $500.00 in attorney's fees on December 21, 2013.  (ECF No. 6-2).

Caliber did not respond to these initial contacts and continued to send Hernandez monthly statements.  On January 28, 2014 Hernandez's attorney sent an additional letter to Caliber charging the company with violating the discharge order.  (ECF No. 6-4).  Caliber then sent a letter to Hernandez on February 3, 2014 stating that the company was not aware that the loan had been discharged in bankruptcy and that they would not send monthly statements in the future.[1]  (ECF No. 6-6).  In the letter, Caliber acknowledged that Hernandez was not "personally liable under the terms of the loan because of the discharge . . . ."  *Id.*  Hernandez's attorney then received an additional letter from Caliber stating that Hernandez would receive no further correspondence, except to the extent that such communications are permitted or required by law.  (ECF No. 6-7).

However, on April 2, 2014, Caliber sent another monthly statement to Hernandez.  (ECF No. 6-11).  Hernandez filed a complaint against Caliber, alleging a violation of the post-discharge injunction and seeking $25,000 in damages on May 30, 2014.  (ECF No. 1).  Caliber filed a motion to dismiss, arguing that the monthly statements were not an attempt to collect a debt and therefore they had not violated the post-discharge injunction.  (ECF No. 4).  At an August 27, 2014 hearing, the parties agreed for the Court to rule on the motion to dismiss and determine whether a violation had occurred without further evidence.

## Analysis

*Rule 12(b)(6) Standard*

Caliber's motion to dismiss for failure to state a claim for which relief can be granted is filed under Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) is incorporated into bankruptcy procedural

---

[1] Caliber denied the demand for $500.00 in attorney's fees.  (ECF No. 6-6).

rules by Fed. R. Bankr. P. 7012(b). The Court reviews motions under Rule 12(b)(6) by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). The Court must determine "in the light most favorable to the plaintiff, whether the complaint states any valid claim for relief." *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). However, the Court "will not strain to find inferences favorable to the plaintiff." *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted).

Fed. R. Civ. P. 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to survive a Rule 12(b)(6) motion, the complaint must "contain enough factual matter (taken as true)" to "raise [the] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Aschroft v. Iqbal*, 556 U.S. 662 (2009). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint does not need to provide detailed factual allegations, "but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that . . . raise a right to relief above the speculative level." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotation marks omitted).

*Discharge Injunction Violation*

Section 524 of the Bankruptcy Code states that "[a] discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor. . . ." 11 U.S.C. § 524(a)(2). The purpose of a bankruptcy discharge is to

provide the debtor a fresh start.  *See Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 447 (2004).  However, the discharge extinguishes only the personal liability of the debtor.  11 U.S.C. § 524(a)(1); *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991).  Liens and other security interests ordinarily survive the discharge.  *Id.* at 84, *Dewsnupp v. Timm*, 502 U.S. 410, 418 (1992).  A bankruptcy discharge prevents enforcement of a mortgage through an *in personam* action against the debtor, but the creditor's right to foreclose upon the mortgage passes through bankruptcy.  *Johnson*, 501 U.S. at 83; *Owen v. Owen*, 500 U.S. 305, 308-09 (1991).

Caliber argues that the monthly statements are not an attempt to collect on a personal obligation of Hernandez, and as such Hernandez has failed to state a claim upon which relief can be granted  (ECF No. 4 at 4).  Instead, Caliber asserts that the monthly statements merely inform Hernandez that if he does not cure the default, Caliber would be entitled to pursue all available remedies, including foreclosure.  *Id.*  The actual text of the monthly statements speaks otherwise.  Under a heading entitled "Important Messages," the statement notes that "[t]his is an attempt by a debt collector to collect a consumer debt and any information obtained will be used for that purpose."  *Id.* at 8.  The statement says that a payment of $69,686.54 was due by May 1, 2014.  *Id.*  It further directs Hernandez to "please write your account number on your check and return the bottom portion."  *Id.*  Caliber also provides several methods for Hernandez to make payments in the notice, including by mail, online, or over the phone.  *Id.*

Even if a creditor's lien survives the bankruptcy discharge, sending a letter seeking payment from the discharged debtor is a violation of the discharge injunction.  *In re Fauser*, Case No. 11-03298, 2011 WL 5006508 at *4 (Bankr. S.D. Tex. Oct. 20, 2011).  Caliber's argument that sending a discharged debtor a notice of potential foreclosure would not constitute a violation of the discharge injunction has merit.  However, Caliber's monthly statements actually

sought to collect payments from Hernandez personally. Regardless of whether Caliber had a right to notify Hernandez of a potential foreclosure, the monthly statement was an attempt to enforce a personal liability.

Caliber argues, alternatively, that even if the monthly statements could be interpreted as an attempt to enforce a personal liability, they are protected by a disclaimer printed on the second page of the notices. The disclaimer states:

> Please notice that notwithstanding anything herein to the contrary, in the event you are subject to an "Automatic Stay" issued by a United States Bankruptcy court, this communication is not intended to collect, assess, or recover a debt. In the event the referenced debt has been discharged in bankruptcy, this communication is not intended to collect, recover, or offset any such debt as a personal liability to you. Please be advised that this communication constitutes neither a demand for payment nor a notice of personal liability. However, unless the bankruptcy court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired. . . .

(ECF No. 4 at 9). A disclaimer cannot change the true nature of a communication. *See Schinabeck v. Wells Fargo Bank (In re Schinabeck)*, 2014 WL 5325781 at *8 (Bankr. E.D. Tex. Oct. 20, 2014) ("[t]he cumulative effect of those [mortgage loan statements] is not dissolved by the inclusion of a disclaimer"); *In re Villareal*, 401 B.R. 823, 833 (Bankr. S.D. Tex. 2009) (holding that in the context of a homestead disclaimer, "[a] disclaimer cannot change the character of a true homestead") (internal quotation marks omitted). Caliber effectively asked Hernandez multiple times for payment on the first page of the statement, but then relies on two inconspicuous sentences in fine print hidden within paragraphs of text to claim that they were doing no such thing. A boilerplate disclaimer which is difficult to read, or even find, does not negate Caliber's attempt to enforce a personal liability post-discharge.

Caliber further argues that it was required to send monthly statements to Hernandez in accordance with the Truth in Lending Act (TILA). TILA was enacted with the broad purpose of

promoting the "informed use of credit" by assuring "meaningful disclosure of credit terms to consumers." 15 U.S.C. § 1601; *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980). Given expansive authority by Congress, the Federal Reserve Board has promulgated a series of regulations known as "Regulation Z" which set forth most of TILA's specific requirements. *Milhollin*, 444 U.S. at 559. Under Regulation Z, a mortgage lender is required to provide to the consumer a statement for each billing cycle setting forth the amount due, the payment due date, the amount of any late fees, and various other requirements. 12 C.F.R. §1026.41(a)(2).

The monthly statements sent by Caliber appear to meet these requirements, but the issue is not whether the monthly statement correctly set forth the terms of the mortgage, but whether they constituted an attempt to enforce a personal liability. Because the statements indicated that they were an attempt to collect a consumer debt and did not make sufficiently clear that Hernandez had no personal liability on the mortgage, they actually conflict with TILA's broad purpose of providing "meaningful disclosure of credit terms." A consumer reading Caliber's statements would likely interpret them to mean that the consumer is still personally liable for the mortgage and is *required* to make payments. This is simply not the case. By mischaracterizing the nature of the debt owed and failing to provide meaningful disclosure to the consumer, Caliber acted contrary to TILA's purpose. Accordingly, Caliber cannot then take shelter under the act.

*Hearing on Sanctions*

Caliber has not denied that it sent the monthly statements to Hernandez after Hernandez obtained a bankruptcy discharge. These statements were an attempt to enforce a personal liability of the debtor. Accordingly, the Court finds that Caliber has violated the Court's discharge injunction.

A violation of an injunction does not automatically give rise to damages. Section 105(a) of the Bankruptcy Code states that "[t]he court may issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. §105(a). A contempt order "which compensates a debtor for damages suffered as a result of a creditor's violation [of the discharge injunction is] both necessary and appropriate to carry out the provisions of the bankruptcy code." *Placid Ref. Co. v. Terrebone Fuel and Lube, Inc. (In re Terrebone Fuel and Lube, Inc.)*, 108 F.3d 609, 613 (5th Cir. 1997). A bankruptcy court's decision to impose sanctions is discretionary. *Id.*

"In cases in which the discharge injunction was violated willfully, courts have awarded debtors actual damages, punitive damages, and attorney's fees." *McClure v. Bank of Am. (In re McClure)*, 420 B.R. 655, 663 (Bankr. N.D. Tex. 2009). Actions that violate the injunction are willful if the creditor that violates the injunction (1) knows that the injunction has been entered and (2) intends the actions that violate it. *Id.* "That the actions are intentional—as opposed to the actual violation of the injunction being intentional—is sufficient." *Id.* In other words, in order to support a finding of contempt, the plaintiff must show that the offending party had knowledge of the Court's order and that the offending party intended to take the action at issue, i.e., communicating with the debtor. *See In re Sandburg Fin. Corp.*, 446 B.R. 793, 803-04 (S.D. Tex. 2011).

There is no dispute that Caliber knew the discharge injunction was in place. Caliber's letter to Hernandez dated February 3, 2014 states that "Caliber has confirmed that the debt was discharged through the Bankruptcy Court on February 13, 2013 as a result of the Chapter 7 Bankruptcy." (ECF No. 6 at 12). Nor is there any dispute that Caliber intended to send Hernandez the April 2, 2014 statement. Caliber may not have understood that its actions violated the discharge injunction when they sent the communication, but this does not negate a

finding of willfulness. *Sandburg*, 446 B.R. at 804. Because Caliber knew the discharge injunction was in place and they intended the action that violated the injunction, the Court finds that Caliber violated the injunction willfully.

At the December 8 hearing, Hernandez will have an opportunity to present evidence on actual damages, punitive damages, and attorney's fees.

SIGNED **November 6, 2014.**

                                        Marvin Isgur
                          UNITED STATES BANKRUPTCY JUDGE